IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN ORDNANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-867C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Defendant, the United States, lacks information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint.

2. Admits.

3. Defendant admits the allegations contained in the first sentence of paragraph 3 of the complaint. Defendant admits the allegations contained in the second sentence of paragraph 3 of the complaint to the extent supported by the document cited, which is the best evidence of its contents. The remainder of the allegations constitute plaintiff's legal conclusion to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegation contained in paragraph 4 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

5. Admits.

6. The allegation contained in paragraph 6 of the complaint is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

7. The allegation contained in paragraph 7 of the complaint is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

8. The allegation contained in paragraph 8 of the complaint is constitutes plaintiff's characterization of its case to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

9. Admits.

10. Defendant admits that it owns the real property that constitutes the Iowa Army Ammunitions Plant. The remaining allegation in paragraph 10 of the complaint is vague and ambiguous, and therefore, defendant lacks information sufficient to form a belief as to the truth of the allegations.

11. Defendant admits that American Ordnance is the successor to a number of companies which have operated the Iowa Army Ammunition Plant since 1942.

12. Denied. Defendant specifically avers that the Iowa Army Ammunition Plant was operated prior to 1990 by plaintiff and other "predecessor" companies, including Mason & Hanger and Silas Mason Company under government-owned, contractor-operated contracts, which were cost plus award fee contracts.

13. The allegations contained in paragraph 13 of the complaint are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

14. The allegations contained in paragraph 14 of the complaint are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

15. The allegations contained in paragraph 13 of the complaint are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

16. Paragraph 16 contains plaintiff's legal conclusions and characterization of its case to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are denied.

17. Paragraph 17 contains plaintiff's legal conclusions and characterization of its case to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are denied.

18. Defendant admits the allegations in paragraph 18 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 18 of the complaint.

19. Defendant admits the allegations in paragraph 19 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 19 of the complaint.

20. Defendant admits the allegations in paragraph 20 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 20 of the complaint.

21. Paragraph 21 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents;

otherwise they are denied.

22. Paragraph 22 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied..

23. Paragraph 23 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

24. Paragraph 24 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

25. Defendant admits that it awarded the loading, assembly, and packing (LAB) of the M795 projectiles to the Iowa Army Ammunition Plant.

26. Admits.

27. Paragraph 27 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

28. Paragraph 28 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted

to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

29. Defendant admits the allegations in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29 of the complaint.

30. Defendant admits the allegations in paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30 of the complaint.

31. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 31.

32. Denied.

33. Denied.

34. Paragraph 34 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

35. Paragraph 35 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

36. Paragraph 36 contains plaintiff's characterization of its case to which no response is required at this time; to the extent that the allegations may be deemed allegations of fact, they are denied.

37. Paragraph 37 contains plaintiff's conclusions of law and characterization of its

case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

38. Defendant admits the allegations in paragraph 38 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 38 of the complaint.

39. Paragraph 39 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

40. Paragraph 40 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

41. Paragraph 41 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are denied.

42. Paragraph 42 contains plaintiff's legal conclusions to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are denied.

43. Paragraph 43 contains plaintiff's legal conclusions and characterization of its case to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

44. Defendant admits the allegations in paragraph 44 to the extent supported by the

contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44 of the complaint.

45. Paragraph 45 contains plaintiff's legal conclusions and characterization of its case to which no response is required at this time; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

46. Paragraph 46 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

47. Paragraph 47 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

48. Paragraph 48 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

49. Paragraph 49 contains plaintiff's characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, defendant lacks information sufficient to admit or deny the allegations contained in paragraph 49.

50. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 50.

51. Denies.

52. Paragraph 52 contains plaintiff's conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

53. Defendant admits the allegations contained in paragraph 53 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations in paragraph 53.

54. Denied.

55. Admits.

56. Defendant admits the allegations contained in paragraph 56 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise, denies the allegations in paragraph 56.

57. Denied.

58. Paragraph 58 contains plaintiff's conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

59. Paragraph 59 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

60. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61. Defendant lacks information sufficient to form a belief as to the truth of the

allegations in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62 except to the extent supported by the documents cited, which are the best evidence of their contents.

63. Defendant denies the allegations contained in paragraph 63 except to the extent supported by the documents cited, which are the best evidence of their contents.

64. Paragraph 64 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

65. Paragraph 65 contains plaintiff's conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

66. Paragraph 66 contains plaintiff's characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

67. Paragraph 67 of the complaint contains plaintiff's characterization of its case to which no response is required at this time; to the extent the allegation may be deemed an allegation of fact, it is denied.

68. Paragraph 68 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

69. Paragraph 69 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied.

70. Admits.

71. Defendant admits the allegations contained in the first clause of paragraph 71. The remainder of the allegations in paragraph 71 constitute plaintiff's legal conclusions and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

72. Admits.

73. Defendant incorporates herein by reference its responses to paragraphs 1-72.

74. Paragraph 74 contains plaintiff's conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

75. Defendant denies the allegations contained in paragraph 75 except to the extent supported by the documents cited, which are the best evidence of their contents.

76. Defendant denies the allegations contained in paragraph 76 except to the extent supported by the documents cited, which are the best evidence of their contents.

77. Paragraph 77 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

78. Paragraph 78 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

79. Denied.

80. Paragraph 80 contains plaintiff's conclusions of law and prayer for relief to which no response is required; to the extent the allegations may be deemed allegations of fact they are denied. Defendant denies that plaintiff is entitled to the relief requested in paragraph 80 or to any relief whatsoever.

81. Defendant incorporates herein by reference its responses to paragraphs 1-80.

82. Paragraph 82 contains plaintiff's conclusions of law to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

83. Paragraph 83 contains plaintiff's legal conclusion to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

84. Paragraph 84 contains plaintiff's legal conclusion to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

85. Paragraph 85 contains plaintiff's legal conclusion to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

86. Paragraph 86 contains plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed to be allegations of fact, they are admitted to the extent supported by the referenced contracts which are the best evidence of their contents; otherwise they are denied.

87. Defendant admits the allegations contained in paragraph 87 to the extent supported by the records cited, which are the best evidence of their contents; otherwise, denies the allegations in paragraph 87.

88. Defendant admits the allegations contained in the first clause of paragraph 88. Defendant denies that remainder of the allegations contained in paragraph 88.

89. Denies.

90. The Government admits that it issued a Contracting Officer's Decision on September 26, 2007 that affirmed the Government's continuing ownership of the Line 3A Equipment, but denies that this constituted a new claim of ownership by the Government.

91. Paragraph 91 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

92. Paragraph 92 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

93. Paragraph 93 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

94. Paragraph 94 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

95. Paragraph 95 contains plaintiff's characterization of its case and conclusion of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

96. Paragraph 96 contains plaintiff's characterization of its case and conclusion of

law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

97. Denies that plaintiff is entitled to the relief requested under the title "WHEREFORE" in its entirety, or any relief whatsoever.

98. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court dismiss the complaint and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/
REGINALD T. BLADES, JR.
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

February 22, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 22nd day of February, 2008, the foregoing "ANSWER", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD