**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AMERICAN ORDNANCE LLC,**<br>**Plaintiff,**<br>**vs.**<br>**UNITED STATES,**<br>**Defendant.** | **Case No. 07-867C**<br>**Judge Wheeler** |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A, § III of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, American Ordnance LLC ("AO" or "Plaintiff"), and defendant, the United States of America ("United States," "Government," or "Defendant"), respectfully submit the following Joint Preliminary Status Report ("JPSR"):

**(a) Does the Court have jurisdiction over the action?**

AO states that the Court has jurisdiction over all issues raised by AO's complaint pursuant to the Contracts Disputes Act of 1978 ("CDA"), 41 U.S.C. § 609(a)(1), and 28 U.S.C. § 1491(a)(1) and (2). At this time, the United States is unaware of any reason why the Court would not possess jurisdiction.

**(b) Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

(c) **Should trial of liability and damages be bifurcated?**

AO does not currently seek damages in this case. Accordingly, the parties agree that, if the case proceeds to trial, no bifurcation is appropriate.

(d) **Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

(e) **Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

(f) **Will additional parties be joined?**

The parties do not anticipate that additional parties will be joined.

(g) **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Neither party expects to file a motion pursuant to RCFC 12(b) or 12(c). AO is considering whether to file a dispositive motion under RCFC 56. The United States expects to file a motion pursuant to RCFC 56. The Court's Scheduling Order, entered April 15, 2008 [Docket No. 11] (the "Scheduling Order"), requires dispositive motions to be filed by June 30, 2008.

(h) **What are the relevant factual and legal issues?**

1. **Plaintiff's Statement of the Relevant Issues**

AO states that the Court's ultimate inquiry is whether the Government's claim of ownership regarding certain production equipment is legally correct. On September 26,

2007, after approximately ten (10) uninterrupted years of possession, ownership, and control by AO, the Army issued a written final decision that the Army holds title to certain production equipment used for the production of M795 Projectiles under Contract No. DAAE30-96-C-0013, Modification No. PZ0001, dated August 15, 1996. The Government's claim of title is contrary to the parties' intent, relevant contract terms, as shown by the terms' wording, the Government's own contracting officer ("CO") directives, and the parties' long-standing course of performance under government property clauses contained in relevant contracts between AO and the Army. Further, AO states that the Government's claim to ownership in the equipment is barred by the six-year statute of limitations found at 41 U.S.C. § 605(a) because the Government's claim was not submitted within six years of the date of the accrual of the claim.

**2. Defendant's Statement of the Relevant Issues:**

This is a dispute between plaintiff, American Ordnance ("AO"), and the United States Army ("Army"), regarding ownership of certain production property located at the Iowa Army Ammunition Plant ("IAAAP"), located in Middletown, Iowa. The IAAAP is a Government-owned, Contractor-operated facility ("GOCO"), for the production of warheads and large caliber ammunition/artillery rounds, mines, mortars, and demolition charges as well as the demilitarization and disposal of ammunition. There are three contracts relevant to this dispute:

(1) DAAA09-94-E-0005, which was a facilities contract between the Army and Manson & Hanger, AO's predecessor;

(2) DAAA09-98-E-0003 ("Contract 0003"), the current facilities contract between AO and the Army to operate the IAAAP. This contract permits AO to use the IAAAP facility to perform third party work for Department of Defense ("DoD") and non-DoD purposes, other than work directly assigned to AO;

(3) DAAE30-96-C-0013 ("Contract 0013"), a contract for the production of the M795 projectiles, and the installation of the slow cool equipment, that came to be known as "Line 3A" equipment.

AO challenges the Government's ownership of the Line 3A equipment. AO contends that the parties intended Contract 00013 to be a production contract for the LAP of the M795 projectiles, and not a facilities contract, and that the parties intended AO to be responsible for holding title to whatever production equipment it was necessary to purchase to complete the contract. AO apparently relies on a series of pre-contract correspondence between AO and the Army contracting officers, exchanged while Contract 0013 was being negotiated.

The Government contends that regardless of what may have been discussed in negotiations, the terms of the contract, specifically CLINs 0001AA and 0001AB, as well as Modification P0003, executed by the parties, clearly provide that AO will be paid facilitization costs as a separate contract line item, which establishes that the parties

intended that the Government would pay AO for the production line equipment and title it in the Government's name.

**<u>Defendant's Issues</u>:**

(1) Do the unambiguous terms of Contract 0013 and Modification P0003 establish that title to the Line 3A equipment is vested in the Government?

(2) Did the Government pay the facilitization costs required by contract 0013?

**(i) <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u>**

The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement or alternative dispute resolution.

**(j) <u>Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?</u>**

The parties believe that it will be necessary to take discovery in order to determine if there are any disputed issues of material fact requiring a trial. AO anticipates proceeding to trial unless the case is earlier resolved, either by settlement or dispositive motion.

AO requested expedited trial scheduling in its Motion for Expedited Hearing on Declaratory Judgment, filed March 26, 2008 [Docket No. 9]. The Court adopted AO's

requested schedule in the Scheduling Order, and set August 12-15, 2008 for trial in this matter.

During the April 4, 2008 status conference held in this matter, the Court stated that the scheduled trial date would be more convenient if trial occurred in Washington, D.C. Trial is scheduled to be held at the National Courts Building in Washington, D.C.

**(k) Are there special issues regarding electronic case management needs?**

The parties are currently unaware of any special issues regarding electronic case management needs.

**(l) Is there other information of which the court should be aware at this time?**

The parties are unaware of any other information of which the Court should be aware at this time.

**(m) Proposed Discovery Plan**

(1) The Scheduling Order sets June 6, 2008 as the completion date for all discovery.

(2) Responses to written discovery shall be due 30 days after service.

(3) The parties do not currently anticipate that expert discovery will be required.

Respectfully submitted this 17th day of April, 2008.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

REGINALD T. BLADES, JR.
Assistant Director

*s/ Reginald T. Blades, Jr.*

*s/ Steven M. Masiello*

Steven M. Masiello
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: smasiello@mckennalong.com

Of Counsel:
Timothy R. Odil
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: todil@mckennalong.com

ATTORNEYS FOR PLAINTIFF,
AMERICAN ORDNANCE LLC

*s/ Joan M. Stentiford*

Joan M. Stentiford
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0341
Facsimile: (202) 514-8624
E-mail: Joan.Stentiford-Ulmer@usdoj.gov

ATTORNEYS FOR DEFENDANT,
UNITED STATES OF AMERICA

DN:32135936.6