IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN ORDNANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-867C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Pursuant to Rule 56(h) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, submits its proposed findings of uncontroverted fact.

1. The Iowa Army Ammunition Plant ("IAAAP") is a Government-owned, Contractor operated ("GOCO") facility located in Middletown, Iowa.

2. The plant is located on approximately 19,000 acres of land, and includes production and storage facilities as well as an administration building.

3. IAAAP production has covered a wide range of ammunition and munitions production.

4. From approximately 1951 to 1998, IAAAP was operated by Mason and Hanger Corporation. Mason and Hanger Corporation was subsequently acquired by Day and Zimmerman, Inc. in 1999. Complaint ¶ 1.

5. American Ordnance LLC ("AO"), is the current operating contractor at IAAAP. It is a joint venture of Day and Zimmerman, Inc. and General Dynamics Ordnance Systems. Id. It succeeded Mason and Hanger Corporation as the operator of IAAAP by way of a novation. Appendix ("App.") at 1-8.

6. The current facilities contract, DAAA09-98-E0003, permits AO to utilize the facilities for work other than work directly awarded or workloaded to AO, subject to approval by the Contracting Officer for its facilities contract. App at 9-24.

7. On December 14, 1995, the Government entered into Letter Contract DAAE30-96-C-0013 with Mason and Hanger for certain production efforts at IAAAP. Line item1AA and page five of attachment A to the letter contract refer to a line item to "Design, Fabricate and Install the Slow Cool Equipment." App. at 25-33.

8. Letter Contract DAAE30-96-C-0013 was definitized by modification number PZ0001 on August 15, 1996. App. at 34-114.

9. The CLIN structure of the letter contract was altered in the definitized contract. This was indicated in the definitized contract by listing CLINs with minus signs which were then replaced by CLINs without minus signs. App. at 38-40.

10. The definitized contract contained the following pertinent provisions: Contract Line Item Numbers ("CLINs") 0001AA-, 0001AB-, 0001AC-, 0001AA, 0001AB, and 0001AC. These CLINs described facilitization, Production Qualification Testing ("PQT"), First Article Testing ("FAT") production, and Contract Data Requirements List ("CDRL") requirements to be delivered. Id.

11. The final CLIN structure is set out at page 12 of the definitized contract. App. at 45.

12. In the original letter contract, CLIN 0001AA- provided, in pertinent part:

> The above amount represents 50% of $10,004,379.00 to design, fabricate and install the slow cool equipment. The maximum not-to-exceed ceiling price is $24,423,866.00.

App. at 27.

13. In the definitized contract, CLIN 0001AA provided for First Article Test Quantities of 1,500 units each at a total cost of $643,264.00, including PQT quantities. App. at 39, 45.

14. In the original letter contract, CLIN 0001AB- provided for PQT and FAT quantities at an undetermined amount. App. at 27.

15. In the definitized contract, CLIN 0001AB provided:

> This subclin includes the costs for 1,000 ea M795 projectiles (1,000 units x $173.92 = $173,920) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization efforts required by the contractor to perform the M795 LAP contract.

App. at 39, 45.

16. In the original letter contract, CLIN 0001AC provided for an unspecified production quantity of the M795 projectiles. App. at 27.

17. In the definitized contract, CLIN 0001AC provided for the production of 76,968 projectiles at a unit price of $173.92, for a total item amount of $13,386,274.56. App. at 39, 45.

18. The definitized contract also provided a scheduled delivery date of November 28, 1997, for the CLIN0001AB items, i.e., the first 1,000 projectiles and the facilitization equipment. App. at 42.

19. The definitized contract also contained Federal Acquisition Regulation ("FAR") clause 52.245-2, Government Property (Fixed Price Contracts), - Alternate I (Deviation)(Jul 1995)(AS1501). Paragraph (b)(3) of that clause provides:

> Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it,

whichever is earlier, whether or not title previously vested in the Government.

App. at 100-101.

20. The definitized contract also provided:

C.3.1.1 Production

Basic Contract Requirement – The contractor shall Load, Assemble, and Pack (LAP) a quantity of 79,468 each M795 projectiles (includes FAT Qty) in accordance with TDPL number 9312769. The contractor shall deliver M795 projectiles as delineated in Section F of this contract. The deliverable items include; 155mm, HE, M795 Projectiles (9312769), Obturator (10542907), Supplemental Charge (8797090), Liner Cup (9331677), Spacers (8797088).

App. at 47.

* * *

C.3.2.1 First Article Test (FAT) – The contractor shall be responsible for procuring all materials and equipment required to conduct the First Article Test (FAT) under the contract. FAT shall be performed within fifteen (15) months after contract award and shall be witnessed and accepted or rejected by the Government.

App. at 48.

* * *

H.8 First Article Test - Progress Payments (Written in Plain English)
Before first article approval, only costs incurred for first article and the required facilitization efforts to meet the required LAP capacity of a maximum of 10,300 each M795 Projectiles per month for any out-year production quantities are allowable for progress payments. Payments shall not exceed 50% percent of the contract award value.

App. at 73.

* * *

I.8 52.245-2 Government Property (Fixed-Price Contracts). – Alternate I (Deviation)(Jul 1995)(AS1501)

(c) Title in Government property.

* * *

(3) Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it, whichever is earlier, whether or not title previously vested in the Government.

App. 98.

21. On March 13, 1997, AO and the Army executed Modification P0003 (“Mod 0003") to the definitized contract DAAE30-96-C-0013. Mod 0003 contained the following pertinent provisions:

a. Paragraph 4: On contract page 12, paragraph B.1, change the final payment of Facilitization costs under Subclin 0001 AB to reflect Subclin 0001AA. It should be understood that the Final Facilitization Payment under Subclin 0001AA will be at time of Final Inplant Inspection of the FAT quantities. See attached continuation sheet SF36.

b. Attachment SF36, paragraph H-8, Exclusion of Facilities Cost in Other Contracts states: This subclin includes the cost for 1,500 ea FAT/PQT M795 Projectiles ($643,264) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization efforts required by the contractor to perform the M795 LAP contract.

App. at 115-118.

22. On October 22, 1997, a DD 250 was signed as accepted by William Vogt, Production Manager of the M795 line, accepting two listed items. The second listed item was

the First Article Sample of 24 units at a total price of $10,292.22. The first listed item was "Special Tooling, Equipment, and Facilitization," and the amount listed was $9,310,071.00. App. at 119-120.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

June 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 30th day of June, 2008, the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD