ATTACHMENT I

# NOVATION AGREEMENT

The MASON & HANGER CORPORATION (Transferor), a corporation duly organized and existing under the laws of West Virginia with an office in Lexington, Kentucky; AMERICAN ORDNANCE LLC (Transferee), a limited liability company duly organized and existing under the laws of Delaware with an office in Lexington, Kentucky; and the UNITED STATES OF AMERICA (Government) enter into this Agreement effective ~~September 27, 1998.~~ 12:01 a.m., CDT, October 26, 1998.

(a)THE PARTIES AGREE TO THE FOLLOWING FACTS:

(1) The Government, represented by various Contracting Officers of the Army, has entered into certain contracts with the Transferor as shown in the attached list marked "Exhibit A" and incorporated into this Agreement by reference. The term "the contracts," as used in this Agreement, means the above contracts and purchase orders, including all modifications (whether or not performance and payment have been completed and releases executed if the Government or the Transferor has any remaining rights, duties, or obligations under these contracts and purchase orders). Included in the term "the contracts" are also all modifications made under the terms and conditions of these contracts and purchase orders between the Government and the Transferee, on or after the effective date of this Agreement.

(2) As of ~~September 27, 1998~~ October 26, 1998, the Transferor has transferred to the Transferee all the assets of the Transferor at the Iowa Army Ammunition Plant by virtue of a Formation Agreement effective July 21, 1998, between the Transferor, General Dynamics Ordnance Systems Inc. and Transferee.

(3) The Transferee has acquired all of the assets of the Transferor at the Iowa Army Ammunition Plant necessary to perform the contracts by virtue of the above transfer.

(4) The Transferee has assumed all obligations and liabilities of the Transferor under the contracts by virtue of the above transfer.

(5) The Transferee is in a position to fully perform all obligations that may exist under the contracts.

(6) It is consistent with the Government's interest to recognize the Transferee as the successor party to the contracts.

(7) Evidence of the above transfer has been filed with the Government.

(b) IN CONSIDERATION OF THESE FACTS, THE PARTIES AGREE THAT BY THIS AGREEMENT—

(1) The Transferor confirms the transfer to the Transferee, and waives any claims and rights against the Government that it now has or may have in the future in connection with the contracts.

(2) The Transferee agrees to be bound by and to perform each contract in accordance with the conditions contained in the contracts. The Transferee also assumes all obligations and liabilities of, and all claims against, the Transferor under the contracts as if the Transferee were the original party to the contracts.

(3) The Transferee ratifies all previous actions taken by the Transferor with respect to the contracts, with the same force and effect as if the action had been taken by the Transferee.

(4) The Government recognizes the Transferee as the Transferor's successor in interest in and to the contracts. The Transferee by this Agreement becomes entitled to all rights, titles, and interests of the Transferor in and to the contracts as if the Transferee were the original party to the contracts. Following the effective date of this Agreement, the term "Contractor," as used in the contracts, shall refer to the Transferee.

(5) Except as expressly provided in this Agreement, nothing in it shall be construed as a waiver of any rights of the Government against the Transferor.

(6) All payments and reimbursements previously made by the Government to the Transferor, and all other previous actions taken by the Government under the contracts, shall be considered to have discharged those parts of the Government's obligations under the contracts. All payments and reimbursements made by the Government after the date of this Agreement in the name of or to the Transferor shall have the same force and effect as if made to the Transferee, and shall constitute a complete discharge of the Government's obligations under the contracts, to the extent of the amounts paid or reimbursed.

(7) The Transferor and the Transferee agree that the Government is not obligated to pay or reimburse either of them for, or otherwise give effect to, any costs, taxes, or other expenses, or any related increases, directly or indirectly arising out of or resulting from the transfer or this Agreement, other than those that the Government in the absence of this transfer or Agreement would have been obligated to pay or reimburse under the terms of the contracts.

(8) The Transferor guarantees payment of all liabilities and the performance of all obligations that the Transferee (i) assumes under this Agreement or (ii) may undertake in the future should these contracts be modified under their terms and conditions. The Transferor waives notice of, and consents to, any such future modifications.

(9) The contracts shall remain in full force and effect, except as modified by this Agreement. Each party has executed this Agreement as of the day and year first above written.

UNITED STATES OF AMERICA,

By Judy A. Hallgren 23 Oct 98
Title CONTRACTING OFFICER

MASON & HANGER CORPORATION,

By David T. Morgan Jr.
Title VICE PRESIDENT

AMERICAN ORDNANCE LLC,

By R. M. Loghry
Title: President

CERTIFICATE

I, W.R. Lickert, certify that I am the Secretary of MASON & HANGER CORPORATION; that David T. Morgan, Jr., who signed this Agreement for this corporation, was then Vice President of this corporation; and that this Agreement was duly signed for and on behalf of this corporation by authority of its governing body and within the scope of its corporate powers.

Witness my hand this 18th day of AUG, 19 98

By W. R. Lickert
Secretary

CERTIFICATE

I, Marilyn S. Daniel, certify that I am the Secretary of AMERICAN ORDNANCE LLC; that R.M. Loghry, who signed this Agreement for this company, was then President of this company; and that this Agreement was duly signed for and on behalf of this company by authority of its governing body and within the scope of its corporate powers.

Witness my hand this 18th day of August, 1998.

By Marilyn S. Daniel
Secretary

# EXHIBIT A

## PRIME CONTRACTS

22 October 1998

I. Contracts with Industrial Operations Command U.S. Army

DAAA09-87-Z-0001 Prime (CPAF)
DAAA09-91-Z-0006 Prime (CPFF)
DAAA09-95-C-0010 Strategic Planning (FFP)
DAAA09-95-C-0019 Immediate Use Funds (FFP)
DAAA09-95-C-0020 Marketing Initiative (FFP)
DAAA09-95-C-0022 Arms Financial Incentives (FFP)
DAAA09-94-G-0001 Basic Ordering Agreement - Service

- Delivery Order 0001 - Funding for Hawk Study (FFP)
- Delivery Order 0002 - Performance Incentive for IAAAP (FFP)
- Delivery Order 0003 - Performance of Air Bag Production on Line 4A (FFP)
- Delivery Order 0004 - Lab Equipment for Dera Well Monitoring Analysis (FFP)
- Delivery Order 0005 - 2nd Year Marketing Plan @ the IAAAP (FFP)
- Delivery Order 0006 - IRP Wells and RI/FS and RD/RA Fueling Station (CPFF)
- Delivery Order 0007 - Monitoring of IRP Wells (FFP)
- Delivery Order 0008 - Layaway Project for Gator Bomb and Volcano Mine Facilities (CPFF)
- Delivery Order 0009 - Layaway Ram Line 1 (CPFF)
- Delivery Order 0010 - Building Modification Incentive for Line 5B (FFP)
- Delivery Order 0011 - Building Modification Incentive for Line 8 (FFP)
- Delivery Order 0012 - Reroute Pink Water Effluent (CPFF)
- Delivery Order 0013 - Environmental Restoration (CPFF)
- Delivery Order 0014 - Maintenance & Repair of U.P.H. (CPFF)
- Delivery Order 0015 - Disposal of Industrial Stocks (FFP)
- Delivery Order 0016 - Fencing in Tract #136 (FFP)
- Delivery Order 0017 - Native Grasses and Forbes (FFP)
- Delivery Order 0018 - Monitoring of IRP Wells Phase 2 (FFP)
- Delivery Order 0019 - Immediate Use Funds (FFP)
- Delivery Order 0020 - Secondary Containment (CPFF)
- Delivery Order 0021 - (not issued yet)
- Delivery Order 0022 - PSR (CPFF)
- Delivery Order 0023 - Demil M833 (FFP)
- Delivery Order 0024 - Fencing Tract #148 (FFP)
- Delivery Order 0025 - Demil M494 (FFP)
- Delivery Order 0026 - MIIF (FFP)
- Delivery Order 0027 - Inert Landfill (FFP)
- Delivery Order 0028 - Demil M650 (FFP)
- Delivery Order 0029 - ACO Staff Support (CPFF)
- Delivery Order 0030 - Chem Lab Equipment (FFP)
- Delivery Order 0031 - Demil M833, 105mm (FFP)
- Delivery Order 0032 - Roadways to Long Term Well Monitoring (CPFF)

Delivery Order 0033 - M829 Skive Joint Investigation (CPFF)
Delivery Order 0034 - Warhead Environmental Conditioning System (CPFF)
Delivery Order 0035 - PBS #5963046 (CPFF)
Delivery Order 0036 - Arms Financial Incentives (FFP)
Delivery Order 0037 - NOT AWARDED to date
Delivery Order 0038 - Military Family Housing (CPFF)
Delivery Order 0039 - Support for IRP/IAG (CPFF)
Delivery Order 0040 - Fuel Station Clean Up & Monitoring
Delivery Order 0041 - PSR (Project No. 5975333) (CPFF)
Delivery Order 0042 - Monitoring IRP Wells (FFP)
Delivery Order 0043 - PCH of Industrial Stock (FFP)
Delivery Order 0044 - Inert Landfill Closure (FFP)
Delivery Order 0045 - CMS of Industrial Stocks (CPFF)
Delivery Order 0046 - Demil M580 (FFP)
Delivery Order 0047 - 3rd Year Marketing Plan (FFP)
Delivery Order 0048 - PSR-IAAAP (Hellfire Drilling Machine Project No. 6975333) (FFP)
Delivery Order 0049 - Engineering Design/IAAAP Out Yr. (Project No. 5973046) (CPFF)
Delivery Order 0050 - FY97 Fish & Wildlife Management (FFP)
Delivery Order 0051 - FEMP/46, IAAAP - Insulate & Re-roof Bldg. 3A-05-1 (CPFF)
Delivery Order 0052 - Engineering Design (Project No. 5993339) (CPFF)
Delivery Order 0053 - Infra-Correct Indust Safety (Project No. 5952776A) (CPFF) (Level Warehouse Floors Yard E)
Delivery Order 0054 - Phase I MRP II – Fiber Optic Network (Project 5973339A) (CPFF)
Delivery Order 0055 - Maintenance of Inactive Industrial Facilities (CY97 MIIF) (Project No. 5974073-IA-7A1) (FFP)
Delivery Order 0056 - Radioactive Waste Disposal (FFP)
Delivery Order 0057 - FY97 Lease of Asset (CPFF) (Fuel Station Monitoring - Project No. IAAP94-030)
Delivery Order 0061 - ACO/COR Support - IOWA (CPFF)
Delivery Order 0062 - MRP II, PH II - IAAAP (Project No. 5973339BA) (CPFF)
Delivery Order 0063 - FY98 PSR - IAAAP (Project No. 5985333) (CPFF)
Delivery Order 0064 - 3rd Year Performance Incentive (FFP)
Delivery Order 0065 – Maintenance of Inactive Industrial Facilities (MIIF) Asbestos Removal (Project No. 5984073-IA-8B1) (CPFF)
Delivery Order 0066 – Not Awarded
Delivery Order 0067 - Disassembly of Depleted Uranium 105MM M774 and M833 Tank Ammunition (FFP)
Delivery Order 0068 – Emergency Maintenance of Inactive Industrial Facilities (EMIIF) (CPFF)
Delivery Order 0069 – Maintenance of Inactive Industrial Facilities (MIIF) (FFP) (Project No. 5984073-IA-8A1)

II. Contracts with Other Government Agencies

LX-19 Explosive Warheads (1M Program)
ARDEC
DAAA21-94-D-0006
CLIN 0801BH
T&M
$135,218 Task #1
$70,514 Task #2
$203,255 Task #3

M795 LAP
ARDEC
DAAE30-96-C-0013
CLIN 0801CV
$41,827,716

M795 LAP
ARDEC
DAAE30-98-C-1038 4/13/98
CLIN 0801GL
$11,788,558

Viper Warheads
ARDEC
DAAE30-96-M-0785
CLIN 0801GD
$14,446

M549A1 Projectiles; Warheads & Reload
ARDEC
DAAE30-97-C-1095
CLIN 0801HU
$42,524

Target Defeat
ARDEC
DAAE30-97-D-1005
CLIN 0801FJ
$309,352 Task #1
$389,370 Task #2
$134,291 Task #3

DEMNS
ARDEC
DAAE30-97-N-0330
CLIN 0801EY
$94,575 Task #1

The following contracts are in the CLOSEOUT PROCESS:

Technical Support for Live Production Run on the Iowa Detonator Loader
NAVY
N00174-97-M-0968
CLIN 0801FG
$8,152

W9 Hellfire Warheads
Naval Surface Warfare Center
N60921-93-C-0169
CLIN 0800ZL
$48,854

**ADDENDUM #1 TO NOVATION AGREEMENT**
**BETWEEN**
**MASON & HANGER CORPORATION, AMERICAN ORDNANCE LLC AND**
**UNITED STATES OF AMERICA**

Mason & Hanger Corporation, American Ordnance LLC and the United States of America have executed a certain Novation Agreement effective ~~September 27, 1998~~. 12:01 a.m, CDT, October 26, 1998. The following provisions are substituted for paragraph (b)(7) of said Agreement and are hereby made a part thereof:

(7)(i) Except as set forth in subparagraph (7)(ii) below, the Transferor and the Transferee agree that the Government is not obligated to pay or reimburse either of them for, or otherwise give effect to, any costs, taxes, or other expenses, or any related increases, directly or indirectly arising out of or resulting from the transfer or this Agreement, other than those that the Government in the absence of this transfer or Agreement would have been obligated to pay or reimburse under the terms of the contracts.

(ii) The Government recognizes that restructuring by the Transferee incidental to the acquisition/merger may be in the best interests of the Government. Restructuring costs that are allowable under Part 31 of the Federal Acquisition Regulation (FAR) or Part 231 of the Defense Federal Acquisition Regulation Supplement (DFARS) may be reimbursed under flexibly-priced novated contracts, provided the Transferee demonstrates that the restructuring will reduce overall costs to the Department of Defense (DoD) (andto the National Aeronautics and Space Administration (NASA), where there is a mix of DoD and NASA contracts), and the requirements included in DFARS 231.205-70 are met. Restructuring costs shall not be allowed on novated contracts unless there is an audit of the restructuring proposal; a determination by the contracting officer of overall reduced costs to DoD/NASA; and an Advance Agreement setting forth a cumulative cost ceiling for restructuring projects and the period to which such costs shall be assigned.

Should the parties agree that external restructuring activities allocated to DOD contracts shall be less than $2.5 million, the provisions of DFAR 231.205-70(b) (4) shall apply.

UNITED STATES OF AMERICA

By [signature] 23 Oct 98
Title CONTRACTING OFFICER

MASON & HANGER CORPORATION
By [signature]
Title Treasurer

AMERICAN ORDNANCE LLC
By [signature]
Title Secretary

1865