**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMERICAN ORDNANCE LLC,<br>Plaintiff,<br>vs.<br>UNITED STATES,<br>Defendant. | Case No. 07-867C<br>Judge Wheeler |

**PLAINTIFF AMERICAN ORDNANCE LLC'S**
**MOTION FOR STATUS CONFERENCE REGARDING PRE-TRIAL ISSUES**

Plaintiff, American Ordnance LLC ("AO"), respectfully moves the Court to hold a status conference at its earliest convenience regarding three pre-trial issues: (1) the briefing schedule applicable to the parties' pending Motions for Summary Judgment (the "Summary Judgment Motions"); (2) leave to conduct a trial testimony preservation deposition of an AO witness; and (3) the allocation of the burden of proof and order of presentation of evidence at trial. The parties have reached an agreement regarding a modified briefing schedule on the Summary Judgment Motions that will allow briefing to be completed before the scheduled August 12, 2008 trial. The parties agreed to this abbreviated briefing schedule to allow the Court an opportunity to rule on the Summary Judgment Motions before trial. In addition, the parties have reached an agreement to allow AO to conduct a preservation deposition of an AO witness who is unavailable during the week of August 12, 2008. Finally, AO requests the Court's confirmation of

the allocation between the parties of the burden of proof and presentation of evidence at trial, as such issue will affect the parties' preparation for trial.

## CERTIFICATION OF CONFERENCE

AO has conferred regarding this motion with counsel for defendant, the United States (the "government"). The government has agreed to (1) the proposed briefing schedule for Summary Judgment Motions and (2) the proposed trial testimony preservation deposition. The government does not agree that it has asserted a claim against AO for the property at issue in this case (the "Line 3A Equipment"), and does not agree that the government bears the burden of proof at trial.

## MOTION

### A. Request for Entry of a Modified Briefing Schedule Governing Summary Judgment Motions

The parties filed their Summary Judgment Motions on June 30, 2008. The briefing schedule set forth in the Rules of the United States Court of Federal Claims ("RCFC") 7.2(c) allows 28 days for each party to file a response, and 14 days for each party to file a reply. Under this schedule, response briefs would be due on July 31, 2008, and reply briefs due on August 18, 2008 – the Monday after the trial will have been completed.

Because the presumptive briefing schedule conflicts with the trial schedule, the parties have agreed to file response briefs on or before July 29, 2008, and to file reply briefs on or before August 6, 2008. The parties believe that the proposed briefing schedule may provide the Court with an opportunity to review the briefs, and possibly to

rule on the Summary Judgment Motions, before trial is scheduled to begin on August 12, 2008.

AO respectfully requests that the Court issue an Order confirming the parties' proposed modified briefing schedule for the Summary Judgment Motions set forth above.

**B. Request for an Order Granting Leave To Conduct A Trial Testimony Preservation Examination**

One of AO's trial witnesses, Marilyn S. Daniel, will be unable to testify at trial during the week of August 12, 2008 due to an unavoidable conflict. The parties have agreed to allow AO to preserve Ms. Daniel's trial testimony through an examination conducted as a preservation deposition as contemplated by RCFC 32(a)(3). The parties have agreed to conduct the preservation examination in Denver, Colorado on August 6, 2008.

AO respectfully requests leave, pursuant to RCFC 30(a)(2) and RCFC 32(a)(3), to conduct the preservation examination of Ms. Daniel as set forth above.

**C. Request for an Order Clarifying That the Government Bears the Burden of Proof of Its Claim of Ownership of the Line 3A Equipment**

AO respectfully requests that the Court enter an order confirming that the government bears the burden of proof on its government claim of title to the Line 3A Equipment at issue in this case. The government issued its written final decision pursuant to 41 U.S.C. § 605(a) on September 26, 2007 (the "Final Decision"), asserting as a matter of right its alleged ownership in the Line 3A Equipment. *See* Final Decision at 1, 9 (attached as Exhibit 1 hereto). FAR § 2.101 defines a "claim" as "'a written

demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.'" *Sarang Corp. v. United* States, 76 Fed. Cl. 560, 564 (2007) (quoting 48 C.F.R. § 2.101 (2007)); *see also Precision Pine & Timber, Inc. v. United States*, 62 Fed. Cl. 635, 643 (2004) (a final decision by a contracting officer that demanded "something due or believed to be due" constitutes a claim by the government). Because the government's Final Decision removes ownership of the Line 3A Equipment from AO, seeks as a matter of right validation of the government's interpretation of the M795 Contract terms, and requires AO to adjust its tagging and records, the decision both seeks adjustment and interpretation of contract terms and seeks other relief arising under or relating to the M795 Contract. Thus, the government's Final Decision states a government claim.

The government seems to contend that its claim of ownership of the Line 3A Equipment is not a "government claim" because the claim is non-monetary. It is correct that monetary claims brought by the government have long been held to be "government claims." *See, e.g., PCL Constr. Servs., Inc. v. United States*, 53 Fed. Cl. 479, 484 (2002) (government claim for liquidated damages is a "government claim"); *Shank-Artukovich v. United States*, 13 Ct. Cl. 346, 356-57 (Ct. Cl. 1987) (government claim to downward equitable adjustment is a "government claim"). Non-monetary claims by the government that assert a government right related to a contract, however, are no different regarding

whether such claims are treated as "government claims."[1] *See, e.g., General Elec. Automated Sys. Div.*, ASBCA 36214, 89-1 BCA ¶ 21,195 (holding, in context of contractor's declaratory judgment action, that government assertion of unlimited rights in technical data is a "government claim"); *McDonnell Douglas Corp.*, ASBCA 26747, 83-1 BCA ¶ 16,377, *aff'd in part & rev'd on other grounds*, 754 F.2d 365 (Fed. Cir. 1985) (government's assertion of right to examine records is a "government claim").

Because the government is asserting a government claim against AO, the government bears the burden of proof regarding its assertion of title to the Line 3A Equipment. *See Mitchell Enters., Inc.*, ASBCA No. 53569, 06-1 BCA ¶ 33,277 (when asserting a government claim, the government bears the burden to prove "each element [of the claim it seeks] by a preponderance of the evidence"); *see also PCL*, 53 Fed. Cl. at 484. In the context of an appeal from a contracting officer's decision reducing a contract amount, one Board explained that "[i]n this case the Government is the Claimant. It is making a claim for a price reduction, and it has the burden of proving both entitlement and quantum on its claim just as a contractor has the burden of proving both entitlement and quantum when it is making a [contractor] claim." *Emerson Elec. Co.*, ASBCA No

---

[1] AO seeks a declaratory judgment for relief from a government claim asserting as a matter of right the government's alleged ownership of the Line 3A Equipment, as noted above. The government unilaterally claimed ownership of the Line 3A Equipment in its Final Decision. *See* Final Decision at 1, ¶ 2 ("On September 6, 2007, AO was given notice that the Army owns the equipment and processes that are collectively known as Line 3A at IAAAP") (emphasis added). The Contract Disputes Act provides that the Final Decision confers jurisdiction for appeal. *See, e.g., James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996). The fact that AO filed its appeal of the Final Decision with this Court as a declaratory judgment action does not alter the fact that the government is the claimant.

15591, 72-1 BCA ¶ 9,440; *see also W.B. & A., Inc.*, ASBCA No. 32524, 89-2 BCA ¶ 21,736 (government, as claimant, bears burden of proof).

AO respectfully requests that this Court enter an order confirming that the government bears the burden of proving its claim that it owns the Line 3A Equipment, and further clarifying the order of the parties' presentations at trial based upon this allocation of the burden of proof.

Respectfully submitted this 15th day of July, 2008.

*s/ Steven M. Masiello*

Steven M. Masiello
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: smasiello@mckennalong.com

ATTORNEY FOR PLAINTIFF,
AMERICAN ORDNANCE LLC

Of Counsel:

Timothy R. Odil
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: todil@mckennalong.com

DN:32145553.3