IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN ORDNANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-867C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED PRETRIAL FILING**

In accordance with the Court's Pretrial Order entered May 1, 2008, defendant submits this amended pre-trial filing. It is amended to include two exhibits, numbers 8 and 9, which were inadvertently omitted from the previous filing. It is the same in all other respects.

**I. Contested Factual Issues**

1. The Government paid American Ordnance, ("AO") $9,310,071.00 for the delivery of the Line 3A equipment.

2. In the original letter contract, CLIN 0001AC provided for an unspecified production quantity of the M795 projectiles.

3. In the definitized contract, CLIN 0001AC provided for the production of 76,968 projectiles at a unit price of $173.92, for a total item amount of $13,386,274.56.

4. The definitized contract also provided a scheduled delivery date of November 28, 1997, for the CLIN0001AB items, i.e., the first 1,000 projectiles and the facilitization equipment.

5. On October 22, 1997, a DD 250 was signed as accepted by William Vogt, Production Manager of the M795 line, accepting two listed items. The second listed item was the First Article Sample of 24 units at a total price of $10,292.22. The first listed item was

"Special Tooling, Equipment, and Facilitization," and the amount listed was $9,310,071.00.

6. At no time following the signing of the definitized contract did the Government agree or intend that AO would take title to the Line 3A equipment.

## II. Relevant Contract Clauses And Applicable Regulations

1. In the original letter contract, CLIN 0001AA- provided, in pertinent part:

> The above amount represents 50% of $10,004,379.00 to design, fabricate and install the slow cool equipment. The maximum not-to-exceed ceiling price is $24,423,866.00.

2. In the definitized contract, CLIN 0001AA provided for First Article Test Quantities of 1,500 units each at a total cost of $643,264.00, including PQT quantities.

3. In the original letter contract, CLIN 0001AB- provided for PQT and FAT quantities at an undetermined amount.

4. In the definitized contract, CLIN 0001AB provided:

> This subclin includes the costs for 1,000 ea M795 projectiles (1,000 units x $173.92 = $173,920) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization efforts required by the contractor to perform the M795 LAP contract.

5. The final CLIN structure is set out at page 12 of the definitized contract.

6. In the original letter contract, CLIN 0001AA- provided, in pertinent part: The above amount represents 50% of $10,004,379.00 to design, fabricate and install the slow cool equipment. The maximum not-to-exceed ceiling price is $24,423,866.00.

7. In the definitized contract, CLIN 0001AA provided for First Article Test Quantities of 1,500 units each at a total cost of $643,264.00, including PQT quantities.

8. In the original letter contract, CLIN 0001AC provided for an unspecified production quantity of the M795 projectiles.

9. In the definitized contract, CLIN 0001AC provided for the production of 76,968 projectiles at a unit price of $173.92, for a total item amount of $13,386,274.56.

10. The definitized contract also provided a scheduled delivery date of November 28, 1997, for the CLIN0001AB items, i.e., the first 1,000 projectiles and the facilitization equipment.

11. The definitized contract also contained Federal Acquisition Regulation ("FAR") clause 52.245-2, Government Property (Fixed Price Contracts), - Alternate I (Deviation)(Jul 1995)(AS1501). Paragraph (b)(3) of that clause provides:

> Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it, whichever is earlier, whether or not title previously vested in the Government.

12. The definitized contract also provided:

> C.3.1.1 Production
> Basic Contract Requirement – The contractor shall Load, Assemble, and Pack (LAP) a quantity of 79,468 each M795 projectiles (includes FAT Qty) in accordance with TDPL number 9312769. The contractor shall deliver M795 projectiles as delineated in Section F of this contract. The deliverable items include; 155mm, HE, M795 Projectiles (9312769), Obturator (10542907), Supplemental Charge (8797090), Liner Cup (9331677), Spacers (8797088).
>
> * * *
>
> C.3.2.1 First Article Test (FAT) – The contractor shall be responsible for procuring all materials and equipment required to conduct the First Article Test (FAT) under the contract. FAT shall be performed

within fifteen (15) months after contract award and shall be witnessed and accepted or rejected by the Government.

* * *

H.8 First Article Test - Progress Payments (Written in Plain English)
Before first article approval, only costs incurred for first article and the required facilitization efforts to meet the required LAP capacity of a maximum of 10,300 each M795 Projectiles per month for any out-year production quantities are allowable for progress payments. Payments shall not exceed 50% percent of the contract award value.

* * *

I.8 52.245-2 Government Property (Fixed-Price Contracts). – Alternate I (Deviation)(Jul 1995)(AS1501)

(c) Title in Government property.

* * *

(3) Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it, whichever is earlier, whether or not title previously vested in the Government.

13. On March 13, 1997, AO and the Army executed Modification P0003 ("Mod 0003") to the definitized contract DAAE30-96-C-0013. Mod 0003 contained the following pertinent provisions:

a. Paragraph 4: On contract page 12, paragraph B.1, change the final payment of Facilitization costs under Subclin 0001 AB to reflect Subclin 0001AA. It should be understood that the Final Facilitization Payment under Subclin 0001AA will be at time of Final Inplant Inspection of the FAT quantities. See attached continuation sheet SF36.

b. Attachment SF36, paragraph H-8, Exclusion of Facilities Cost in Other Contracts states: This subclin includes the cost for 1,500 ea FAT/PQT M795 Projectiles ($643,264) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization efforts required by the contractor to perform the M795 LAP contract.

14. Federal Acquisition Regulations, 48 FAR §§ 45.603; 45.604,

15. Defense Federal Acquisition Regulations, ("DFARS") Subpart 245.70.

16. Army Federal Acquisition Regulations ("AFARS") part 5145.602.

## III. Proposed Conclusions Of Law

1. AO cannot claim title to the Line 3A equipment based on a theory of adverse possession. 28 U.S.C. § 2415(c); S.Rep. No. 1328, 89th Cong., 2d Sess.3 (1966), reprinted in 1966 U.S.C.C.A.N. 2502, 2505; Davidson v. Federal Deposit Ins. Corp., 44 F.3d 246 (1995).

2. Because the contract between plaintiff and the Government for the production of M795 projectiles at the Iowa Army Ammunition Plant is clear on its face, extrinsic evidence is unnecessary for its interpretation. Teg-Paradigm Environmental, Inc. v. United States, 465 F.3d 1329, 1338 (Fed. Cir. 2006); M.A. Mortensen Co. v. Brownlee, 363 F.3d 1203, 1206 (Fed. Cir. 2004);Jowett, Inc. v. United States, 234 F.3d 1365, 1368 (Fed. Cir. 2000); McAbee Construction, Inc. v. United States, 97 F.3d 1431, 1435 (Fed. Cir. 1996).

3. Positions taken during the negotiation of a contract cannot bind the parties when those positions were not memorialized in the terms of the contract. Id.

4. Title to the Line 3A equipment cannot possibly have vested in plaintiff, because the equipment was provided as a separate contract line item in the contract and

the Government paid over $9 million associated with that contract line item.

**IV. List of Exhibits**

1. Letter Contract DAAE30-96-C-0013 Between American Ordnance and United States dated December 12, 1995,

2. Modification PZ0001 Definitizing Contract DAAE30-96-C-0013 dated August 15, 1996.

3. Modification P00003 to Contract DAAE30-96-C-0013 dated March 13, 1997.

4. Form DD250 Accepting Delivery of Special Tooling, Equipment, and Facilitization, and First Article Sample of 24 Units dated October 22, 1997.

5. Letter dated September 6, 2007, from Charles Smith, PCO, to Kristin Barnard, American Ordnance regarding review of property book records with attachments.

6. Letter dated September 26, 2007, from Charles Smith, PCO, to Kristin Barnard, American Ordnance constituting contracting officer's final decision.

7. Letter dated November 15, 1999 from Frank Evans, DCAA Audit Agency, to Mickey Burkett, Plant Controller, American Ordnance regarding Cost Accounting Standard Non-compliance issue.

8. Memorandum dated May 25, 1996, from Jeff Hibler, American Ordnance to David Banishefsky regarding Mason & Hanger Updated Position on M795 Facilitization.

9. Letter dated May 29, 1996 from Darl Heffelbower, American Ordnance, to David Banishefsky regarding Facilitization of the M795 Projectile.

**V. List of Witnesses**

The following witnesses will testify on behalf of the Government:

1. David Banishefsky (2 hours)
Procuring Contracting Officer
ARDEC
Picatinny Arsenal
Picatinny, New Jersey

Mr. Banishefsky is expected to testify regarding the negotiations of Letter Contract DAAE30-96-C-0013 Between American Ordnance and United States dated December 12, 1995, Modification PZ0001 Definitizing Contract DAAE30-96-C-0013 dated August 15, 1996, and Modification P00003 to Contract DAAE30-96-C-0013 dated March 13, 1997.

2. Steve Talmadge (1.5 hours)
Contract Specialist
ARDEC
Picatinny Arsenal
Picatinny, New Jersey

Mr. Talmadge is expected to testify regarding the negotiations of Letter Contract DAAE30-96-C-0013 Between American Ordnance and United States dated December 12, 1995, Modification PZ0001 Definitizing Contract DAAE30-96-C-0013 dated August 15, 1996, and Modification P00003 to Contract DAAE30-96-C-0013 dated March 13, 1997.

The following witnesses may testify on behalf of the Government:

3. Charles Smith (1 hour)
Procuring Contracting Officer
Iowa Army Ammunition Plant
Middletown, Iowa

Mr. Smith is expected to testify regarding his contracting officer's final decision denying American Ordnance's certified claim of ownership of the Line 3A equipment.

4. James Nelson ( 1 hour)
Acquiring Contracting Officer
Iowa Army Ammunition Plant
Middletown, Iowa

Mr. Nelson is expected to testify as to the intention of the Government to take title to the Line 3A equipment pursuant to Letter Contract DAAE30-96-C-0013 between American Ordnance and United States dated December 12, 1995, Modification PZ0001 Definitizing Contract DAAE30-96-C-0013 dated August 15, 1996, and Modification P00003 to Contract DAAE30-96-C-0013 dated March 13, 1997.

5. Michael Walker (1.5 hours)
DCAA Auditor
Defense Contract Audit Agency
Central Region
Minneapolis Branch Office
300 South Fourth Street
Minneapolis, Minnesota

Mr. Walker is expected to testify regarding the audit of American Ordnance following the signing of the definitized contract, and the Cost Accounting Standards noncompliance issue that DCAA identified.

6. Julie Solinski (1.5 hours)
Property Administrator
Iowa Army Ammunition Plant
Middletown, Iowa

Ms. Solinski is expected to testify regarding the property management system and the property audits conducted at the Iowa Army Ammunition Plant.

7. William Vogt (1 hour)
Property Manager
ARDEC
Picatinny Arsenal
Picatinny, New Jersey

Mr. Vogt is expected to testify regarding his inspection of the Line 3A equipment at the Iowa Army Ammunition Plant and his acceptance of the delivery of that equipment from American Ordnance on behalf of the United States.

8. Mickey Burkett (1 hour)
Plant Controller
American Ordnance
Iowa Army Ammunition Plant
17575 State Highway 79
Middletown, Iowa

Mr. Burkett is expected to testify regarding American Ordnance’s cost accounting record-keeping and its treatment of the Line 3A equipment following the signing of Modification PZ0001 Definitizing Contract DAAE30-96-C-0013 dated August 15, 1996, and Modification P00003 to Contract DAAE30-96-C-0013 dated March 13, 1997.

9. Jeff Hibler (1 hour)

American Ordnance
Iowa Army Ammunition Plant
17575 State Highway 79
Middletown, Iowa

Mr. Hibler is expected to testify regarding American Ordnance's negotiations with the Army of Letter Contract DAAE30-96-C-0013 Between American Ordnance and United States dated December 12, 1995, Modification PZ0001 Definitizing Contract DAAE30-96-C-0013 dated August 15, 1996, and Modification P00003 to Contract DAAE30-96-C-0013 dated March 13, 1997.

The Government reserves the right to call any witness listed by the plaintiff.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

James Mackey Ives
Litigation Attorney
General Litigation Branch
Army Litigation Center
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203

Larry Manecke
U.S. Army Sustainment Command
Office of Counsel
AMSAS-GC
Bldg. 390
1 Rock Island Arsenal
Rock Island, Illinois 61299-6000

July 14, 2008

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of July, 2008, the foregoing "DEFENDANT'S PRETRIAL FILING", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD