IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN ORDNANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-867C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL**
**PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Pursuant to Rule 56(h) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, submits its proposed supplemental findings of uncontroverted fact.

23. The individuals who negotiated the M795 contract for the Government explained that the contract did not contain a list of equipment because the Government was relying on AO's expertise to purchase whatever was necessary, within the firm-fixed price, to meet the M795 projectile production schedule. At his deposition, Steve Talmadge, a Contract Specialist employed by the Army at Picatinny Arsenal, New Jersey stated:

> Q. Why didn't you put the list of equipment in the contract?
> A. Why wouldn't I put the list in the contract? Because we just had the CLIN in there to delivery the units and the facilitization in that CLIN. The final CLIN structure included the price and what they [AO] had to do to complete the line and make the delivery schedule, to – so they could perform to the delivery schedule. So we didn't have to include this equipment. It was evaluated separately on its own.
> Q. Okay. You didn't put it in the contract to identify what equipment, what the government was –
> A. No, because they had to make sure that the equipment that we all agreed to would meet the delivery schedule rate per month, and that was the, that was a requirement.

App. 121; [Talmadge deposition 91:12-92:7].

24. David Banishefski, the contracting officer at Picatinny Arsenal, testified:

Q. Is there a list of equipment that you intended to take title to in the contract?
A. I can't recall. I think originally there was something in the solicitation, but that we did not incorporate that because we basically said it's up to the contractor to determine what equipment he needs in order to provide the production units.

App. 122; [Banishefski deposition 10:25-11:9].

25. AO received facilitization payments under the M795 contract totaling $9,310,071.

App. 123. [see Plaintiff's response to request for admission number 2.]

26. Colonel Unterseher did not possess the authority to bind the Government in the negotiations of the M795 contract. App. 124-125; [Talmadge deposition 78:3-19; 80:16-81:11]; [Banishefski deposition 97:14-21].

27. Valerie Colello did not participate in the negotiations of the M795 Contract. App. 126; [Colello deposition 20:5-21:15].

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

July 29, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 29th day of July, 2008, the foregoing "DEFENDANT'S PROPOSED SUPPLEMENTAL FINDINGS OF UNCONTROVERTED FACT", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD