**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMERICAN ORDNANCE LLC,<br>Plaintiff,<br>vs.<br>UNITED STATES,<br>Defendant. | Case No. 07-867C<br>Judge Wheeler |

**PLAINTIFF AMERICAN ORDNANCE LLC'S RESPONSES TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("R.C.F.C."), Plaintiff, American Ordnance LLC ("AO"), respectfully submits its Responses to the Proposed Findings of Uncontroverted Fact filed by the defendant, the United States (the "government"), in Support of its Motion for Summary Judgment.

**Proposed Findings of Uncontroverted Fact**

1. The Iowa Army Ammunition Plant ("IAAAP") is a Government-owned, Contractor operated ("GOCO") facility located in Middletown, Iowa.

Response: No dispute, provided that the term "facility" refers to government-owned property at IAAAP.

2. The plant is located on approximately 19,000 acres of land, and includes production and storage facilities as well as an administration building.

Response: No dispute.

3. IAAAP production has covered a wide range of ammunition and munitions production.

Response: No dispute.

4. From approximately 1951 to 1998, IAAAP was operated by Mason and Hanger Corporation. Mason and Hanger Corporation was subsequently acquired by Day and Zimmerman, Inc. in 1999. Complaint ¶ 1.

Response: No dispute.

5. American Ordnance LLC ("AO"), is the current operating contractor at IAAAP. It is a joint venture of Day and Zimmerman, Inc. and General Dynamics Ordnance Systems. *Id*. It succeeded Mason and Hanger Corporation as the operator of IAAAP by way of a novation. Appendix ("App.") at 1-8.

Response: No dispute that AO is the current operating contractor at IAAAP. Day & Zimmerman, Inc. now owns AO in its entirety. AO currently operates IAAAP pursuant to a facilities use contract executed at the time AO was formed.

6. The current facilities contract, DAAA09-98-E0003 [sic], permits AO to utilize the facilities for work other than work directly awarded or workloaded to AO, subject to approval by the Contracting Officer for its facilities contract. App at 9-24.

Response: No dispute, provided that the undefined term "the facilities" refers to government-owned property at IAAAP.

7. On December 14, 1995, the Government entered into Letter Contract DAAE30-96-C-0013 with Mason and Hanger for certain production efforts at IAAAP. Line item 1AA and page five of attachment A to the letter contract refer to a line item to "Design, Fabricate and Install the Slow Cool Equipment." App. at 25-33.

<u>Response:</u> No dispute, provided that the government's reference to "line item AA" refers to Continuation Sheet SubCLIN 0001AA, and its reference to "page five of attachment A" refers to SubCLIN 0001AA contained on such page.

8. Letter Contract DAAE30-96-C-0013 was definitized by modification number PZ0001 on August 15, 1996. App. at 34-114.

<u>Response:</u> No dispute.

9. The CLIN structure of the letter contract was altered in the definitized contract. This was indicated in the definitized contract by listing CLINs with minus signs which were then replaced by CLINs without minus signs. App. at 38-40.

<u>Response:</u> No dispute.

10. The definitized contract contained the following pertinent provisions: Contract Line Item Numbers ("CLINs") 0001AA-, 0001AB-, 0001AC-, 0001AA, 0001AB, and 0001AC. These CLINs described facilitization, Production Qualification Testing ("PQT"), First Article Testing ("FAT") production, and Contract Data Requirements List ("CDRL") requirements to be delivered. *Id*.

<u>Response:</u> Disputed. Only the deleted SubCLIN 0001AA- refers to "Design, Fabricate, and Install the Slow Cool Equipment." Deleted SubCLIN 0001AB- refers to PQT and FAT. Deleted SubCLIN 0001AC- refers to Load, Assemble, and Pack ("LAP") of M795 projectiles. Added SubCLIN 0001AA requires delivery of 1,500 FAT and PQT projectiles. Added SubCLIN 0001AB requires LAP and delivery of 1,000 ea. M795 Projectiles. Added SubCLIN 0001AC requires LAP and delivery of LAP 76,968 ea. M795 Projectiles. See Plaintiff's Proposed Findings of Uncontroverted Fact ("Pl. Facts"), ¶¶ 41-48.

11. The final CLIN structure is set out at page 12 of the definitized contract. App. at 45.

Response: Disputed. The CLIN structure of the definitized contract appears on pages 6-10 and 12 of the definitized contract. Pl. Facts, ¶¶ 41-48.

12. In the original letter contract, CLIN 0001AA- provided, in pertinent part:

> The above amount represents 50% of $10,004,379.00 to design, fabricate and install the slow cool equipment. The maximum notto-exceed ceiling price is $24,423,866.00.

App. at 27.

Response: Disputed. The Letter Contract is misquoted. "Total" should appear between "above" and "amount." "To" should be "for the." "Not to-exceed" should be "not-to-exceed." In addition, the Letter Contract did not contain deleted CLINs as the proposed finding implies through the "-" notation. *See* Pl. Facts, ¶¶ 11-13. Further, the proposed finding provides only a partial description: SubCLIN 0001AA provided for delivery of 1 lot of design, fabricate, and install slow cool equipment. *Id.*

13. In the definitized contract, CLIN 0001AA provided for First Article Test Quantities of 1,500 units each at a total cost of $643,264.00, including PQT quantities. App. at 39, 45.

Response: Disputed. The use of the term "total cost" is disputed. The figure $643,264.00 is the "price."

14. In the original letter contract, CLIN 0001AB- provided for PQT and FAT quantities at an undetermined amount. App. at 27.

Response: Disputed. The Letter Contract did not contain deleted CLINs as the proposed finding implies through the "-" notation. *See* Pl. Facts, ¶¶ 11-13. Further, it is more accurate to

state that Letter Contract SubCLIN 0001AB provided for an undefined quantity of PQT and FAT projectiles at an undetermined price. *Id.*

15. In the definitized contract, CLIN 0001AB provided:

> This subclin includes the costs for 1,000 ea M795 projectiles (1,000 units x $173.92 = $173,920) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization efforts required by the contractor to perform the M795 LAP contract.

App. at 39, 45.

Response: Disputed. SubCLIN 0001AB of the definitized contract requires delivery of 1,000 ea M795 Projectiles in accordance with TDP and Statement of Work Section C. The quoted language refers only to the parties' agreement that no facilitization was required to be acquired for and delivered to the government. Pl. Facts, ¶¶ 23-25.

16. In the original letter contract, CLIN 0001AC provided for an unspecified production quantity of the M795 projectiles. App. at 27.

Response: No dispute.

17. In the definitized contract, CLIN 0001AC provided for the production of 76,968 projectiles at a unit price of $173.92, for a total item amount of $13,386,274.56. App. at 39, 45.

Response: Disputed. The use of the term "total item amount" is disputed. The figure $13,386,274.56 is the "price."

18. The definitized contract also provided a scheduled delivery date of November 28, 1997, for the CLIN0001AB items, i.e., the first 1,000 projectiles and the facilitization equipment. App. at 42.

Response: Disputed with respect to delivery of "facilitization equipment." The cited page contains no reference to SubCLIN 0001AB. Further, the delivery schedule date for SubCLIN 0001AB (*see* App. at 40) refers only to delivery of 1,000 M795 Projectiles. This

section of the definitized contract governing "Deliveries or Performance", Section F (App. at 64), confirms the parties' agreement that the "Delivery Item" for November 28, 1997 is 1,000 ea. LAP M795 Projectiles.

19. The definitized contract also contained Federal Acquisition Regulation ("FAR") clause 52.245-2, Government Property (Fixed Price Contracts), - Alternate I (Deviation)(Jul 1995)(AS1501). Paragraph (b)(3) of that clause provides:

> Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it, whichever is earlier, whether or not title previously vested in the Government.

App. at 100-101.

Response: No dispute.

20. The definitized contract also provided:

> C.3.1.1 Production
>
> Basic Contract Requirement – The contractor shall Load, Assemble, and Pack (LAP) a quantity of 79,468 each M795 projectiles (includes FAT Qty) in accordance with TDPL number 9312769. The contractor shall deliver M795 projectiles as delineated in Section F of this contract. The deliverable items include; 155mm, HE, M795 Projectiles (9312769), Obturator (10542907), Supplemental Charge (8797090), Liner Cup (9331677), Spacers (8797088).

App. at 47.

> C.3.2.1 First Article Test (FAT) – The contractor shall be responsible for procuring all materials and equipment required to conduct the First Article Test (FAT) under the contract. FAT shall be performed within fifteen (15) months after contract award and shall be witnessed and accepted or rejected by the Government.

App. at 48.

> H.8 First Article Test - Progress Payments (Written in Plain English) Before first article approval, only costs incurred for first article and the required facilitization efforts to meet the required LAP capacity of a maximum of 10,300 each M795 Projectiles per month for any out-year production quantities are allowable for progress payments. Payments shall not exceed 50% percent of the contract award value.

App. at 73.

* * *

> I.8 52.245-2 Government Property (Fixed-Price Contracts). – Alternate I (Deviation)(Jul 1995)(AS1501)
>
> (c) Title in Government property.
>
> * * *
>
> (3) Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it, whichever is earlier, whether or not title previously vested in the Government.

App. 98.

Response: No dispute.

21. On March 13, 1997, AO and the Army executed Modification P0003 ("Mod 0003") to the definitized contract DAAE30-96-C-0013. Mod 0003 contained the following pertinent provisions:

> a. Paragraph 4: On contract page 12, paragraph B.1, change the final payment of Facilitization costs under Subclin 0001 AB to reflect Subclin 0001AA. It should be understood that the Final Facilitization Payment under Subclin 0001AA will be at time of Final Inplant Inspection of the FAT quantities. See attached continuation sheet SF36.
>
> b. Attachment SF36, paragraph H-8, Exclusion of Facilities Cost in Other Contracts states: This subclin includes the cost for 1,500 ea FAT/PQT M795 Projectiles ($643,264) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization

> efforts required by the contractor to perform the M795 LAP contract.

App. at 115-118.

Response: No dispute with respect to provision (a), provided that the government is referring to paragraph 4 contained at App. 116. Provision (b) is disputed in that the text "paragraph H-8, Exclusion of Facilities Cost in Other Contracts" does not appear on the referenced Continuation Sheet, Standard Form 36 (*see* App. at 118). The remaining text does appear at App. 118.

22. On October 22, 1997, a DD 250 was signed as accepted by William Vogt, Production Manager of the M795 line, accepting two listed items. The second listed item was the First Article Sample of 24 units at a total price of $10,292.22. The first listed item was "Special Tooling, Equipment, and Facilitization," and the amount listed was $9,310,071.00. App. at 119-120.

Response: Disputed. As described in Section I(C) of the attached Response Brief, and in Pl. Exhibit 57, Declaration of John R. Lohmann, Jr., the referenced form DD250 cannot accept the cited "Special Tooling, Equipment, and Facilitization" because such items were not deliverables under the M795 Contract. As established under the M795 Contract, and as stated in AO's Invoice that was accompanied by the form DD250, no facilitization equipment was delivered and does not reflect any intent that AO was required to deliver equipment under the M795 Contract under SubCLIN 0001AA. Pl. Ex. 57, ¶¶ 17-19.

Respectfully submitted this 29th day of July, 2008.

*s/ Steven M. Masiello*

Steven M. Masiello
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: smasiello@mckennalong.com

ATTORNEY FOR PLAINTIFF, AMERICAN ORDNANCE LLC

Of Counsel:

Timothy R. Odil
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: todil@mckennalong.com

DN:32146096.1