IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN ORDNANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-867C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO**
**PLAINTIFF'S PROPOSED EXHIBITS**

Pursuant to the May 1, 2008, Pretrial Order, defendant, United States, respectfully provides the Court with its objections to the exhibits proposed by plaintiff, American Ordnance LLC ("AO").

| Exhibit No. | Objection |
|---|---|
| 1. Department of Defense Manual For the Performance of Contract Property Administration, dated December, 1991. | Irrelevant – Fed. R. Evid. ("Fed. R. Evid.") 402 This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 2. Request for Proposal ("RFP") – Solicitation Offer and Award for DAAE30-96-R-0004, dated October 11, 1995 | No objection. |
| 3. Memorandum, dated November 2, 1995, re: Army Authority to Issue Letter Contract | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 4. Proposal, dated November 28, 1995, from Mason & Hanger-Silas Mason Co., Inc. ("MHC") | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 5. Letter Contract DAAE30-96-C-0013, dated December 12, 1995 (the "Letter Contract") | No objection. |
| 6. Fax Transmission, dated March 14, 1996, Negotiation Timeline/Action Items | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 7. E-mail, dated March 22, 1996, from Marilyn Daniel ("Daniel") to internal AO | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 8. Letter Contract Amendment P0001,dated April 30, 1996 | No objection. |
| 9. Fax Transmission, dated May 16, 1996, forwarding Draft Facilitization Scope of Work | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 10. Letter, dated May 16, 1996, from David Banishefski ("Banishefski") to Mason & Hanger ("MHC") re CLIN 0001AA | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 11. Memorandum, dated May 17, 1996, from Jeff Hibler ("Hibler") to Banashefski re: MHC Position on ARDEC Offer for Facilitization Statement of Work | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 12. E-mail, dated May 17, 1996, from D. Reed ("Reed") to Internal MCH re: M795 Proposal/ Negotiations | Hearsay Fed R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 13. Memorandum, dated May 25, 1996, from Hibler to Banishefski | Hearsay – Fed. R. Evid. 801 – Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 14. Fax Transmission, dated May 28, 1996, re: Internal MHC Discussion of draft Facilitization of Work | Hearsay – Fed. R. Evid. 801;Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 15. Letter, dated May 29, 1996, from Darl Heffelbower ("Heffelbower") to Banashefski | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 16. Letter, dated May 30, 1996, from Valerie Colello, ARDEC CO, to Marilyn Daniel of MHC | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 17. Memorandum, dated June 3, 1996, from Hibler to Steve Talmadge ("Talmadge") | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 18. Letter, dated June 5, 1996, from Colonel James Unterseher ("Unterseher"). | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 19. Memorandum, dated June 6, 1996 from Hibler to Internal MHC | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 20. Memorandum June 10, 1996, re: Internal MHC Discussion | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 21. Memorandum, dated June 10, 1996, from Hibler to Talmadge re: Action Items from Telephone Call of June 6, 1996. | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 22. Fax Transmission, dated June 14, 1996, from Mike Devine to Heffelbower | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 23. Letter, dated June 18, 1996, from Heffelbower to Unterseher. | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 24. Memorandum, dated June 18, 1996, from Hibler to Talmadge re: Action Items for M795 Negotiations | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 25. Fax Transmission, dated June 20, 1996, from Talmadge to MHC | Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 26. Meeting Summary, dated June 21, 1996, re: "Open Issues" as of June 25, 1996 | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 27. Notes, dated June 25, 1996, of Reed | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 28. Notes, dated June 26, 1996, of Reed | Hearsay – Fed. R. Evid.801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 29. Notes, dated June 27, 1996, of Reed | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 30. Memorandum, dated June 29, 1996, from Hibler to Internal MHC | Hearsay – Fed. R. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 31. Memorandum, dated July 9, 1996, from Hibler to Internal MHC | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 32. Memorandum, dated July 10, 1996, from Hibler to Internal MHC | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 33. Letter dated July 17, 1996, from Hibler to Banashefski | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 34. Memorandum, dated August 13, 1996, from Hibler to Internal MHC | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 35. Memorandum, dated August 14, 1996, from Hibler to Internal MHC | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 36. Definitized Contract, Modification PZ0001 to Contract No. DAAE30-96-C-0013, dated August 15, 1996 (the "M795 Contract") | No objection. |
| 37. Letter, dated August 19, 1996, from Hibler to Banashefski | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 38. Memorandum, dated August 20, 1996, from Fred Taylor ("Taylor") (ACO) to Banishefski | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 39. September 4, 1996, E-mail from ACO Taylor to current ACO Nelson | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 40. E-mail, dated September 20, 1996, from ACO Taylor to Current ACO Nelson | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 41. Memorandum, dated October 7, 1996, from Banishefski to Taylor | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 42. Letter, dated February 18, 1997, from Banashefski to John Lohmann | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 43. Email, dated February 28, 1997 Internal MCH | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 44. Letter dated March 3, 1997, from J.R. Lohmann to Talmdadge | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 45. Modification 0003 to M795 Contract, dated March 13, 1997 | No objection. |
| 46. Letter, dated October 21, 1997, from Talmadge to MHC directing MHC to Submit Invoice | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 47. Invoice and form DD250 dated October 24, 1997 | No objection. |
| 48. Memorandum, dated February 13, 1998 | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 49. Trudy Hallgren power point presentation | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 50. Letter, dated August 12, 1999, from Frank Evans, DCAA to Mickey Burkett ("Burkett") re: DCAA Review | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 51. Letter, dated September 14, 1999, from Burkett to DCAA | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 52. Property Audit Report dated November 10, 1999 | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 53. Letter, dated November 15, 1999, from Frank Evans, DCAA, to Mickey Burkett | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 54. E-mail, dated July 13, 2000, Internal Government | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 55. Letter, dated September 6, 2007, from Charles Smith to Kristin Barnard. | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 56. Contracting Officer's Final Decision letter, dated September 26, 2007 | No objection. |
| 57. Letter dated October 26, 2007, from Charles Smith to Kristen Barnard | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 58. Printouts of Property Records from AO's Property System Database | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |
| 59. Excerpts of Property Records from AO Manual Property Logbook | Hearsay – Fed. R. Evid. 801; Irrelevant – Fed. R. Evid. 402. This document constitutes parol evidence which is inadmissible in this case involving interpretation of an unambiguous contract. City of Tacoma v. United States, 31 F.3d 1130, 1134 (Fed.Cir.1994); Montefiore Hospital Assoc. v. United States, 5 Cl. Ct. 471 (1984). |

| | |
|---|---|
| 60. Federal Acquisition Regulation Provisions (Jan. 1, 1996) | Object to introduction of Federal Regulations as evidence. The regulations constitute legal authority, not evidence. Defendant objects on this basis to each section of the FAR identified by plaintiff as follows:<br>FAR §§ 2.101; 16.202-1; 33.201; 33.206; 45.102; 45.104; 45.301; 45.302-6; 45.402; 45.505; 52.232.16; 52.245-2; 52.245-5; 52.245-7; 52.245-10; 52.254-11. |
| 61. Defendant's Response to Plaintiff's First Set of Interrogatories, First Request for Production of Documents, and First Requests for Admissions | Defendant objects to introduction of entire responses on the ground that plaintiff should be required to designate relevant portions of Government's responses. |
| 62. Talmadge Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |
| 63. Colello Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |
| 64. James Nelson Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |

| | |
|---|---|
| 65. Michael Walker Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |
| 66. Banashefski Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |
| 67. Julie Solinski Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |
| 68. Charles Smith Deposition Transcript | Defendant objects to the introduction of the deposition transcript of a witness who is available to testify. Defendant further objects to introduction of the entire deposition transcript. Appendix A, paragraph 15(b) and Rule of Court of Federal Claims 32(a)(2) & (3) set forth the proper procedure for introducing portions of deposition transcripts, which requires a party to designate specific portions of a transcript and show cause why the deposition testimony should be admitted. |

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:
James Mackey Ives
Litigation Attorney
General Litigation Branch
Army Litigation Center
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203

Larry Manecke
U.S. Army Sustainment Command
Office of Counsel
AMSAS-GC
Bldg. 390
1 Rock Island Arsenal
Rock Island, Illinois 61299-6000

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0341
Fax: (202) 514-8624

July 31, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 31st day of July, 2008, the foregoing "DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD