# In the United States Court of Federal Claims

No. 07-867C

(Filed: August 1, 2008)

************************************ *
*
AMERICAN ORDNANCE LLC, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************ *

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This case involves a contract dispute regarding ownership of the Line 3A manufacturing equipment at the Iowa Army Ammunition Plant in Middletown, Iowa. Line 3A is used to manufacture M795 projectiles. Plaintiff, American Ordnance LLC ("AO"), and the United States Army each contend that they own the Line 3A equipment. The Court has agreed to expedite its consideration of this case because the Army intends to offer the Line 3A equipment as "government furnished property" in a pending solicitation. AO is the incumbent contractor, and with its predecessors has operated the Iowa plant since 1951. Trial is set to begin on August 12, 2008.

On June 30, 2008, each party filed a motion for summary judgment, accompanied by proposed findings of uncontroverted fact and supporting exhibits. On July 29, 2008, each party responded to the other party's motion, offering additional proposed facts and documents for the Court's consideration. Although the current schedule calls for the parties to submit reply briefs on August 6, 2008, the Court by this Order notifies counsel that further briefing on the cross-motions is unnecessary.

The dispute stems from a December 14, 1995 Letter Contract between the Army and Mason & Hanger Corporation (AO's predecessor) that the parties definitized on August 15, 1996. Defendant contends that a provision in the definitized contract, Contract Line Item Number ("CLIN") 0001AB, requires a finding that the Government owns the Line 3A equipment, and that other facts relating to the parties' pre-contract negotiations and post-contract interpretations are inadmissible parole evidence. CLIN 0001AB provides as follows:

> This subclin includes the costs for 1,000 ea M795 projectiles (1,000 units x $173.92 = $173,920) as well as $9,310,071 in costs associated with special tooling, equipment, and facilitization efforts required by the contractor to perform the M795 LAP [Load, Assemble and Pack] contract.

Def.'s App. at 39, 45.

In contrast, AO has offered evidence that, if the Government had intended to acquire title to the Line 3A equipment, the contract would have been constructed much differently than it was. AO also points to clauses relating to Government ownership that were removed from the Letter Contract before it was definitized. In negotiating the definitized contract, AO has offered statements that the Government was adamant in not wanting ownership of the Line 3A equipment. The July 29, 2008 responses to the motions confirm that many factual disagreements exist.

The Court concludes that the definitized contract is ambiguous on the issue of whether the parties intended for Mason & Hanger or the Government to own the Line 3A equipment. The Court is unwilling to find that the single contract provision, CLIN 0001AB, requires summary judgment for Defendant. While contract interpretation issues often may be decided by reviewing the contract, this is not such a case. To resolve the ambiguity in the contract, including the meaning of CLIN 0001AB and other provisions, the Court must consider all of the evidence that bears upon the parties' intent. The fact that the Army paid Mason & Hanger a sum of money for the Line 3A equipment is not dispositive on the issue of equipment ownership. The Government routinely pays contractors for the costs of equipment used in performing Government contracts without acquiring ownership of the equipment. The question presented is not whether the Government paid money to Mason & Hanger for the costs of the manufacturing equipment, but whether the Government through the definitized contract acquired ownership of the equipment. CLIN 0001AB does not answer this question.

Accordingly, the parties' cross-motions for summary judgment are DENIED. This matter shall proceed to trial as scheduled.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge