IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN ORDNANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-867C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned action, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure. Material to which counsel gain access under this protective order is to be used only for the subject litigation, absent express authorization from the United States Court of Federal Claims. Such authorization must be requested in writing, with notice to all parties.

1. This protective order applies to all material that is identified by any party as protected, unless the Court of Federal Claims specifically provides otherwise. Protected material includes information whether provided orally, on paper, or in any electronic format. This protective order applies to all proceedings associated with this litigation, e.g., requests for reconsideration, appeals, and claims for costs.

2. In connection with this Protective Order, the Government agrees that it will not disclose to counsel admitted to the Protective Order protected information that could result in the disqualification of counsel from litigating this matter to complete resolution, including any relevant appeals. Moreover, the Government agrees that it will not request any order from this Court for disqualification of counsel in the subject litigation on the basis of any

protected information conveyed to counsel, and the Government agrees that it will support counsel against any motion for disqualification filed in the subject litigation by any other parties on the basis of the information disclosed.

3. “Protected information” as used in this order means information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information contained in:

(a) any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation; or

(b) any deposition, sealed testimony or argument, declaration, or affidavit taken or provided in this litigation.

4. Protected material of any kind may be provided only to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Whenever such protection is claimed for a court pleading, the party filing the pleading shall submit a proposed redacted version for public release when the protected version is filed.

5. Personnel of the court, the procuring agency, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

6. As provided in the parties' joint motion for entry of protective order, Steven M. Masiello and Timothy R. Odil, of McKenna, Long, and Aldridge LLP, counsel for plaintiff, American Ordnance, shall be admitted to the protective order upon their submission of applications and entry of the order by the Court.

7. Any other individual seeking access to protected information under this protective order must complete an application for access to material under a protective order consistent with the forms provided by this Court and must file the executed application with the court.

8. Only individuals admitted under this protective order by the Court of Federal Claims, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in competitive decisionmaking for a party to the litigation or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material of their obligations under this order.

9. Each party included under this protective order shall receive up to 3 copies of the protected material (the original constitutes one copy), and shall not further duplicate that material, except as incidental to its incorporation into a submission to the Court of Federal Claims or as otherwise agreed to by the parties with the Court's concurrence. For purposes of this provision a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum 3 copies among the individuals admitted to the protective order. Each duplication of electronic media

(e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

10. When any party sends or receives documents in connection with this action that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

11. Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in the litigation. The confidentiality of protected material shall be maintained in perpetuity.

12. Within 60 days after the disposition of the litigation (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted materials and copies of such material, with the exception of a single

copy of a protected decision issued by the Court shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of the order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of court proceedings and hearings shall be destroyed, and the destruction certified to the Court of Federal Claims and the other parties, unless the parties agree otherwise. In the absence of such agreement for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of the Court. Any individual retaining material received under this protective order (except for the single copy of a protected decision issued by the Court) beyond the 60-day period without the authorization of the Court of Federal Claims or the prior written agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision issued by the Court that is retained by a party admitted under this order.

13. Any violation of the terms of this protective order may result in the imposition of such sanctions as the Court of Federal Claims deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies and restricting the practice of counsel before the Court of Federal Claims. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

IT IS SO ORDERED.

__________________________

THOMAS C. WHEELER
Judge